# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**WILLIAM J. VANDERSTEEN,**
    **Plaintiff,**

    v.              Case No. 07C0007

**CATHY JESS, DR. CIHLAR,**
**KURT MILLER, TAMMY RETZER,**
**DON FRENS, MATTHEW FRANK,**
**and TONY FRANKLIN,**
    **Defendants.**

## DECISION AND ORDER

Plaintiff William J. VanDerSteen, who is proceeding pro se, lodged a civil rights complaint under 42 U.S.C. § 1983. This matter comes before the court on the plaintiff's petition to proceed in forma pauperis.

The plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed in forma pauperis. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner has been assessed and has paid an initial partial filing fee of $1.60.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740

(1976), construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, plaintiffs must allege: 1) that they were deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon them by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (quoting *Conley*, 355 U.S. at 47); see also Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for pro se prisoner civil rights complaint). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Thomson, 362 F.3d at 970.

The plaintiff is incarcerated at the Oshkosh Correctional Institution. The defendants are: Dodge Correctional Institution Warden Cathy Jess; Dr. Cihlar; Corrections Officer Kurt Miller; Corrections Officer Tammy Retzer; Corrections Officer Don Frens; Wisconsin Department of Corrections Secretary Matthew Frank; and inmate Tony Franklin.

According to the complaint, the plaintiff's cell mate, defendant Tony Franklin, struck him in the face. Defendants Frens and Retzer ordered inmate Franklin to go downstairs

3

and wait, while the plaintiff was told to wait in the cell behind the locked door. After several minutes, inmate Franklin "came by the locked cell door and told me I was lucky [he] couldn't reach me or he'd beat the shit out of me." (Compl. at 3.) Defendant Retzer said that both inmates were to be placed in segregation. Next, "C.O. Retzer pushed the emergency alarm on her radio, as she did this the cell door popped open, (Sergeant Kurt Miller was in the control room), and Mr. Franklin rushed into the cell and attacked me hitting me in the head numerous times." Id. at 4. For relief, the plaintiff seeks: 1) an order directing the Wisconsin Department of Corrections to relieve prison overcrowding and cease operating under "Emergency Status"; 2) compensatory damages; 3) punitive damages; and 4) an injunction prohibiting the DOC from receiving, holding, or incarcerating additional persons until the emergency situation is alleviated.

The Eighth Amendment's Cruel and Unusual Punishment Clause imposes upon prison officials the duty to "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). This duty requires prison officials "to protect prisoners from violence at the hands of other prisoners." Id. at 833 (internal quotations omitted). To state a failure to protect claim, a plaintiff-inmate must allege that (1) "he is incarcerated under conditions posing a substantial risk of serious harm," and (2) defendant-officials acted with "deliberate indifference" to that risk. Id. at 834.

> In addition,
>
> a prison official may be liable "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847, 114 S.Ct. 1970. That the officer had actual knowledge of impending harm can be inferred from circumstantial evidence. *Id.* at 842, 114 S.Ct. 1970; *James v.*

4

> *Milwaukee County*, 956 F.2d 696, 700 (7th Cir. 1992); *Peate v. McCann*, 294 F.3d 879, 882 (7th Cir. 2002). Proving deliberate indifference, however, requires more than a showing of negligent or even grossly negligent behavior. *Farmer*, 511 U.S. at 835, 114 S.Ct. 1970; *James*, 956 F.2d at 699. Rather, the corrections officer must have acted with the equivalent of criminal recklessness. *Farmer*, 511 U.S. at 836-37, 114 S.Ct. 1970; *James*, 956 F.2d at 700; *Jackson* [*v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 765 (7th Cir. 2002) ]. Indeed, an officer who actually knew of a substantial risk to a detainee's safety is free from liability "if [he] responded reasonably to the risk, even if the harm ultimately was not averted, because in that case it cannot be said that [he was] deliberately indifferent." *Peate*, 294 F.3d at 882 (citing *Farmer*, 511 U.S. at 847, 114 S.Ct. 1970, 128 L.Ed.2d 811). "The test of deliberate indifference ensures that the mere failure of the prison official to choose the best course of action does not amount to a constitutional violation." *Id.* (citing *Farmer*, 511 U.S. at 844, 114 S.Ct. 1970).

Borello v. Allison, 446 F.3d 742, 747-48 (7th Cir. 2006) (quoting Fisher v. Lovejoy, 414 F.3d 659, 662 (7th Cir. 2005)).

I find that the plaintiff has alleged sufficient facts to support a claim that his Eighth Amendment rights were violated. However, he may not proceed against inmate Tony Franklin since Mr. Franklin is not a state actor. In addition, the complaint fails to state facts indicating that defendants Cathy Jess, Dr. Cihlar, and Matthew Frank were directly, personally involvement in the incident, as required by Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995). Thus, defendants Franklin, Jess, Cihlar, and Frank will be dismissed.

**Therefore,**

**IT IS ORDERED** that the plaintiff's motion for leave to proceed in forma pauperis (Docket # 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants Tony Franklin, Cathy Jess, Dr. Cihlar, and Matthew Frank are **DISMISSED** from this action.

5

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the remaining defendants pursuant to Federal Rule of Civil Procedure 4.

**IT IS ALSO ORDERED** that the remaining defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $338.29 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

**SO ORDERED** this 19 day of April, 2007, at Milwaukee, Wisconsin.

/s_____
LYNN ADELMAN
District Judge